UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARTHUR K. MCGEE and
RHONDA R. MCGEE                                                                        PLAINTIFFS

VS.                                                            CIVIL ACTION NO. 3:14cv523-DPJ-FKB

JPMORGAN CHASE BANK, N.A.; FEDERAL
NATIONAL MORTGAGE ASSOCIATION; JOHNSON
FREEDMAN, LLC; CHRISTOPHER A. COLLINS, ESQ.;
and JOHN/JANE DOES 1–5                                                                 DEFENDANTS

ORDER

This mortgage-loan dispute is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss [32] pursuant to Federal Rule of Civil Procedure 12(b)(6). In general terms, Plaintiffs Arthur K. McGee and Rhonda R. McGee claim that Defendants foreclosed on their home despite telling the McGees the foreclosure had been postponed.  The Court has considered the memoranda and submissions of the parties, along with the pertinent authorities, and finds that Chase's motion should be granted but that the McGees should be given an opportunity to file a motion seeking leave to amend as to all claims against Chase except those based on emotional distress.

I.      Facts and Procedural History

On May 21, 2012, the McGees filed this action in the Chancery Court of Neshoba County, Mississippi.  Compl. [3-1].  The following allegations from the Complaint are assumed true under Rule 12(b)(6).  In February 2005, the McGees signed a promissory note and deed of trust on their home; Chase later assumed the loan in 2006.  *Id.* ¶¶ 10, 11.  Several years later, the McGees faced financial difficulties and fell behind on their loan obligations.  *Id.* ¶ 12.  So in June

2010, they submitted a request for loan modification under the Home Affordable Modification Program ("HAMP"). *Id.* ¶ 13.

Despite their request, the McGees saw a newspaper advertisement for a July 7, 2010 foreclosure sale on their home. *Id.* ¶ 15. Concerned, the McGees contacted Defendant Johnson Freedman, LLC, the law firm representing Defendant Nationwide Trustee Services, Inc., in connection with the foreclosure sale. *Id.* ¶ 16. The McGees assert that Johnson Freedman employees thrice informed them that no foreclosure would occur while their HAMP application remained pending. *Id.* ¶¶ 16–18. In the final conversation, the McGees were told that the foreclosure "'was postponed.'" *Id.* ¶ 18. Yet on July 7, Christopher Collins, an agent of Johnson Freedman, sold the McGees' home at a foreclosure sale to Federal National Mortgage Association ("Fannie Mae"). *Id.* ¶ 19.

When Defendants refused to rescind the sale, the McGees filed suit in state court, claiming, among other things, that they relied on Johnson Freedman's representations and therefore did not take steps to prevent foreclosure. *Id.* ¶ 21. The case has been removed from state court, the McGees have voluntarily dismissed Defendants Fannie Mae and Collins, and Chase now seeks dismissal. The Court has personal and subject-matter jurisdiction and is prepared to rule.[1]

---

[1] Defendant Johnson Freedman attempted to join in Chase's motion, but docketed its submission as a motion [40]. Johnson Freedman was instructed to re-file with the proper designation, but it failed to do so. Therefore, it will not be considered as having joined in the motion. In any event, it is not apparent that all of Chase's arguments are equally applicable to Johnson Freedman.

II.     Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not ' show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Moreover, when a party alleges a claim of fraud, that "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the

3

speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010).

III.     Analysis

The McGees assert six causes of action against Chase. All six are based on the Johnson Freedman statements that the foreclosure would be or had been postponed. The claims include: (1) misrepresentation and detrimental reliance; (2) negligence; (3) wrongful foreclosure; (4) breach of good faith and fair dealing; (5) negligent infliction of emotional distress ("NIED") and/or intentional infliction of emotional distress ("IIED"); and (6) exemplary damages. This Order begins the analysis with the NIED and IIED claims before addressing the rest.

    A.     Negligent/Intentional Infliction of Emotional Distress

The NIED and IIED claims are both fatally flawed. First, NIED requires physical injury. *Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 4 (Miss. 2007) (en banc). The McGees made no such averments in their Complaint and now concede the point. The NIED claim is dismissed with prejudice.

Second, IIED carries a one-year statute of limitations. *See* Miss. Code Ann. § 15-1-35; *see also Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010) (en banc). The McGees failed to file this claim within that period, and their "pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (explaining when "[a] statute of limitations may support dismissal under Rule 12(b)(6)"). Chase observed this defect in its initial memorandum, *see* Def.'s Mem. [33] at 16, yet the McGees offered no response. The IIED claim is dismissed with prejudice.

B.     Vicarious-Liability Claims Against Chase

The McGees premise all of the remaining counts on statements made by Johnson Freedman employees.  According to the McGees, they contacted Johnson Freedman when they learned about the scheduled foreclosure of their home and spoke with someone named Stacy Williams.  Compl. [3-1] ¶ 16.  Williams allegedly instructed the McGees to disregard the notice.  *Id.*  Williams repeated this advice in a later conversation, and in a final conversation a Johnson Freedman employee confirmed that the foreclosure had been postponed.  *Id.* ¶¶ 17–18.  Of course, the foreclosure proceeded as scheduled, and these representations underpin the McGees' causes of action against Chase.

Chase contends that the McGees failed to adequately plead a factual basis for holding it responsible for statements from Johnson Freedman's employees.  In response, the McGees make certain factual assertions that are not present in their Complaint and otherwise point to Paragraph 16 as providing a sufficient predicate.  *See* Pls.' Mem. [35] at 9–10 (citing Compl. [3-1] ¶ 16).  But Paragraph 16 merely states:

> . . . Rhonda McGee immediately telephoned Johnson & Freedman, the attorneys representing Nationwide Trustee Services, Inc., in connection with the foreclosure sale.  Mrs. McGee spoke with Stacy Williams and was instructed that she could disregard the notice of foreclosure sale.

*Id.*  This paragraph neither mentions Chase nor states a plausible factual basis for an agency relationship between Chase and the Johnson Freedman employees who made the alleged misrepresentations.

Because the Complaint fails to state a plausible basis for vicarious liability, and because Counts I through IV and Count VI are all based on the Johnson Freedman statements, those

claims are due for dismissal. The question is whether they should be dismissed with or without prejudice. As discussed next, dismissal will be without prejudice.

  C. Leave to Amend

The McGees recognized the potential agency gap in their Complaint and therefore sought leave to file an amended complaint that better links Chase to Johnson Freedman's employees. Pls.' Mem. [35] at 11 n.4. The Fifth Circuit has held that a district court may dismiss a claim that fails to meet pleading requirements but that "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). The Court therefore concludes that dismissal of Counts I through IV and Count VI should be without prejudice.

That said, the McGees' right to amend is not yet ripe for consideration because they sought leave in the body of their memorandum without filing a separate motion as required by Uniform Local Rule 7(b)(3)(C). The McGees are therefore invited to file a separate motion seeking leave to amend. When they do, the Court anticipates that Chase will resist on futility grounds, making some of the same arguments it raised in the present motion. *Hart*, 199 F.3d at 247 n.6. This will provide an opportunity for the parties to augment their positions with respect to those arguments and address areas of interest to the Court.

For example, Chase sought dismissal of the negligent and fraudulent misrepresentation claims in Count I based in part on the statute of frauds and the lack of reasonable reliance. But the relevance of these arguments—and Plaintiffs' promissory-estoppel argument—seems to turn on how the parties frame the claims. Chase asserts that the McGees' misrepresentation claims

are "based upon the 'alleged agreement' not to foreclose." Def.'s Rebuttal [39] at 3 (citing Compl. [3-1] ¶¶ 22–27). And its legal authority largely deals with oral modifications to loan documents or with promises regarding future performance under an existing contract—in other words, claims related to post-contract agreements. *Id.* at 4. But the McGees' Complaint never references an "alleged agreement not to foreclose," and the McGees now expressly deny any claims based on such an agreement. Instead, the McGees claim that they detrimentally relied on Defendants' representation that "'the foreclosure *was* postponed.'" Compl. [3-1] ¶ 18 (emphasis added).

Chase may have characterized the claim as involving an oral agreement in part because Williams first told the McGees that the foreclosure "'*will be* postponed'" pending a determination on their HAMP application. Def.'s Rebuttal [39] at 4 (quoting Compl. [3-1] ¶ 17). But Chase never acknowledges the McGees' subsequent averment that Johnson Freedman told them "'the foreclosure *was* postponed.'" Compl. [3-1] ¶ 18 (emphasis added). This statement is assumed true under Rule 12(b)(6), and it seemingly represents a present fact rather than an oral promise of future performance. *See Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992) (noting difference between statement of fact and promise of future conduct); *see also Roberts v. Fed. Loan Home Corp.*, No. H-11-3304, 2013 WL 1345222, at *5 n.2 (S.D. Tex. Mar. 30, 2013). And that may distinguish the parties' authority. The Court has not decided which party has properly framed the issue, but it would like to hear more from the parties regarding the way the claims should be framed and from Chase regarding the viability of the misrepresentation claims if framed as the McGees urge.

The Court would also welcome additional argument on the wrongful-foreclosure claim in Count III.  In particular, the McGees have not adequately addressed all of Chase's arguments, including those related to the "intermediate theory" and standing.  And though Chase has addressed most of the McGees' theories, it has not directly addressed the argument that the foreclosure was negligently conducted.  It could be that Chase's other arguments address this alternative avenue for proving wrongful foreclosure, but the Court would welcome additional clarity.

IV.     Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Court grants Chase's Motion to Dismiss [32] without prejudice as to Plaintiffs' claims for fraudulent and negligent misrepresentation, negligence, wrongful foreclosure, breach of the duty of good faith and fair dealing, and exemplary damages; and with prejudice as to their claims for intentional and negligent infliction of emotional distress.  Plaintiffs may file a motion for leave to amend within 14 days of the entry of this order.  All other briefing deadlines are set by local rule.

**SO ORDERED AND ADJUDGED** this the 3rd day of December, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE